UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMAD H. M. A., <br><br>　　　　　　　　Plaintiff, <br><br>v. <br><br>Kilolo KIJAKAZI, <br><br>　　　　　　　　Defendant. | Case No.: 22-cv-0504-AGS <br><br>**ORDER GRANTING PLAINTIFF'S IN FORMA PAUPERIS STATUS (ECF 2)** |

　　　Plaintiff moves to proceed in forma pauperis (IFP). Plaintiff qualifies to proceed without paying the initial filing fee, and his complaint states a claim for relief. So, the Court grants plaintiff's motion.

### Motion to Proceed In Forma Pauperis

　　　Typically, parties instituting a civil action in a United States district court must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

　　　Here, plaintiff owns two cars worth a combined $9,500 and has $1,419 in his bank accounts. (ECF 2, at 2-3.) With his spouse, he has an average monthly income of $4,431, nearly half of which comes from government assistance. (*Id*. at 1-2 (noting $189 from "food stamps" and $1,842 because "2 children receive SSI").) Plaintiff's normal monthly expenses nearly match his income, running plaintiff and his wife $3,989 each month to support themselves and their three young children. (*Id*. at 3-5.) So the Court finds that plaintiff has sufficiently shown an inability to pay the initial $402 fee. *See Blount v. Saul*,

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP.").

### 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff meets all four elements to survive a § 1915(e) screening. First, plaintiff "exhausted all administrative remedies by seeking review with the Appeals Council," which denied his request on "September 22, 2021." (ECF 1, at 3.) Next, plaintiff claims to reside in "within the jurisdictional boundaries of this Court at La Mesa, CA." (*Id*. at 1.) The complaint also states the nature of plaintiff's disability: "Rheumatoid arthritis; familial Mediterranean fever; healed fracture of tibia and fibula; status-post right lower extremity would [sic]; major depressive disorder; and generalized anxiety disorder[,]" which rendered him disabled since "July 12, 2019." (*Id*. at 2-3.) Finally, plaintiff identifies the nature of his disagreement with the Social Security Administration's determination, arguing that "the ALJ did not state clear and convincing reasons for rejecting [plaintiff's] symptom and limitation testimony" and that the ALJ "did not properly weigh the medical

evidence that [plaintiff] had more limitations as expressed by Drs. Bayyapureddy and Bailey." (*Id.* at 3.) Based on these allegations, plaintiff's complaint is sufficient to survive the "low threshold" for proceeding past the § 1915(e) screening. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

## Conclusion

For the reasons set forth above, the Court grants plaintiff's IFP motion.

Dated:  April 14, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge